Nash, O. J.
 

 No error has been shown to. exist in the charge of his Honor. The plaintiff claims under a grant issued in 1767, and by regular deeds down to 1785 from the grantee and those claiming under him: in that year one Scroggins, sheriff of Cumberland county, sold the land in controversy, as the property of one Angus McDonald, who was then the owner,
 
 *246
 
 (but no judgment and execution were shown) and Earquhar Campbell became the purchaser and received a deed from the sheriff, and immediately took possession. A regular train of conveyances from him to the lessor of the plaintiff was shown, and possession was continued from 1785, by Campbell and those claiming under him, to the time of bringing this action.
 

 The defendant claimed under a grant from the State, dated in 1789. These two grants interlapped, neither the lessor of the plaintiff, nor the defendant was ever in the actual possession of the part so covered by the two grants, until the possession taken by the defendant just before the action was commenced, although each was in the actual possession of other parts of the land covered by their respective grants.
 

 The presiding Judge instructed the jury, that if the land, covered by the demise, arid claimed by the lessor, was granted in 1767, and if they believed it had been in the continued possession of the plaintiff, and those through whom he claimed, thirty, forty, or fifty years, under color of title, then the original grantee and all those claiming under him, had lost their right of entry, and the plaintiff would be entitled to recover.
 

 A long course of decisions in this Court has established the doctrine, that from, thirty years continuous possession of land, the law presumes, not only a grant, but every tiling else that is necessary to complete the title.
 
 Wallace
 
 v. Maxwell, 10 Ire. Rep. 110;
 
 Reed
 
 v. Earnhart, ibid 516, and others.
 

 The question before the Court was, whether the lessor of the plaintiff had'such a title to the land in question as would enable him to maintain the action ?
 

 It was admitted that the grant of 1767, covered the tract of land, claimed by the lessor of the plaintiff, including the lap-page, and if the title was not in him, it was in the grantee or in his heirs. But says his Honor, if the lessor of the plaintiff and those under whom he claims, have been in the continuous possession for thirty, forty or fifty years, the title cannot be in the grantee or in any one claiming under him, for they have lost their right of entry, and the lessor of the- plaintiff by his
 
 *247
 
 long continuous possession lias acquired the title; because the law will presume from such possession every thing necessary to perfect his title : this is the substance of the charge. The plaintiff having title to the land covered by the grant of 1767, that title drew to it the possession, until the defendant, by taking actual possession of the lappage, gave him a right to bring this action.
 

 Pee OtiRiAM. Judgment affirmed.